**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2052-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEIR A. PEPPERS,

     Defendant-Appellant.

_____

> Submitted September 12, 2018 – Decided September 19, 2018
>
> Before Judges Messano and Rose.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 14-09-2201 and 15-03-0519.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Stephen P. Hunter, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Theodore Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Assistant Attorney General, of counsel and on the brief).

PER CURIAM

Following a jury trial, defendant, Keir A. Peppers, appeals from his convictions for fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2), and obstruction of justice, N.J.S.A. 2C:29-1(a), a disorderly persons offense. He was sentenced to a two-year term of probation.[1] Defendant claims the trial judge erred by failing to grant his motion for acquittal at the close of the State's evidence. We affirm.

According to the State's proofs, on September 29, 2014, Newark Police Detective Edward Santiago and his partners were on patrol in an unmarked Crown Victoria, when they observed a motor vehicle with a malfunctioning tail light at the intersection of Seventh Avenue and North Ninth Street. When the officers conducted a motor vehicle stop, defendant exited the car, placed an article of clothing on the ground and walked away.[2]

Having observed defendant litter, Santiago announced himself as a police officer, approached defendant and ordered him to stop. Santiago was dressed in plain clothes, but his badge was hanging around his neck, "outside of [his] shirt,

---

[1] Defendant's sentence was concurrent to a three-year term of probation, following his guilty plea to possession of heroin, N.J.S.A. 2C:35-10(a), charged in an unrelated indictment.

[2] Santiago retrieved the sweater and found a loaded handgun in the right pocket. Defendant was charged with unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), but the jury acquitted him of that charge.

2

[as] always." Although defendant saw Santiago, he disregarded the officer's order and continued walking. Santiago again ordered defendant to stop, but he disregarded the order and started running. After a foot chase, defendant slowed down and Santiago "was able to jump on top of him and tackle him to the ground."

Detective Neil Laurie, also dressed in plain clothes with his badge displayed around his neck, participated in the chase. Laurie testified at trial that he heard Santiago order defendant to stop.

On appeal, defendant raises a single argument for our consideration:

> POINT I
>
> THE MOTION FOR JUDGMENT OF ACQUITTAL SHOULD HAVE BEEN GRANTED BECAUSE THERE WAS NO EVIDENCE THAT . . . SANTIAGO PRESENTED A POLICE BADGE THAT DEFENDANT COULD SEE WHEN SANTIAGO DIRECTED HIM TO STOP.

Our review of a motion for acquittal based on insufficient evidence pursuant to Rule 3:18-1 is "limited and deferential" and governed by the same standard as the trial court. State v. Reddish, 181 N.J. 553, 620 (2004); see also State v. Bunch, 180 N.J. 534, 548-49 (2004). Thus, a motion for judgment of acquittal will not be granted where:

> [V]iewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt.
>
> [State v. Reyes, 50 N.J. 454, 459 (1967).]

In that regard, "a jury may draw an inference from a fact whenever it is more probable than not that the inference is true; the veracity of each inference need not be established beyond a reasonable doubt in order for the jury to draw the inference." State v. Kittrell, 145 N.J. 112, 131 (1996) (citation omitted).

A person is guilty of fourth-degree resisting arrest "if he, by flight, purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest." N.J.S.A. 2C:29-2(a)(2). Because the culpability requirement is purposeful, N.J.S.A. 2C:5-1(a)(2), "the State must prove . . . that it was [the] defendant's conscious object to prevent his [own] arrest." State v. Ambroselli, 356 N.J. Super. 377, 384-85 (App. Div. 2003).

A person is guilty of obstruction when he purposely obstructs "the administration of law or other governmental function" or prevents a "public servant" from performing an "official function." N.J.S.A. 2C:29-1(a). "Purposely" is defined as follows:

4

A person acts purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if he is aware of the existence of such circumstances or he believes or hopes that they exist.

[N.J.S.A. 2C:2-2(b)(1).]

Accordingly, to commit an obstruction offense, a person must be aware that a public servant is performing a governmental function and it is the person's conscious object to interfere with that governmental function. See State v. Crawley, 187 N.J. 440, 451-52 (2006) (finding a person "must obey [an] officer's order to stop and may not take flight without violating N.J.S.A. 2C:29-1."). The officer must be "acting in good faith and under color of his authority. . . ." Id. at 451.

Here, defendant claims he did not know Santiago was a police officer. In refuting that claim, Santiago's uncontroverted testimony was that he announced his status as a police officer when he repeatedly ordered defendant to stop, and that defendant saw him. Indeed, Santiago's statements were corroborated by Laurie. Although the police were wearing plain clothes and arrived at the scene in an unmarked vehicle, they displayed their badges around their necks, outside

their shirts. As soon as Santiago ordered defendant to stop, he failed to obey and began to flee.

Clearly, the evidence sufficiently demonstrates that defendant was aware of Santiago's lawful command to stop, but rather than comply, chose to flee to avoid his apprehension. In doing so, defendant purposely attempted to thwart his own arrest and obstructed justice. Accordingly, defendant's motion for acquittal was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2052-16T4